IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL A. OLIVER, R-47801** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 12-cv-1200-GPM |
| ) | |
| **C/O HICKS, C/O FLATT,** ) | |
| **C/O PAYNE, C/O SHIRLEY** ) | |
| **SGT. STEVEN A. HAGSTON,** ) | |
| **C/O HULL, I/A CLARK,** ) | |
| ) | |
| **Defendants.** ) | |

## **MEMORANDUM AND ORDER**

**Murphy, District Judge:**

Plaintiff, currently on parole from Menard Correctional Center ("Menard"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 for alleged constitutional violations occurring at Pinckneyville Correctional Center ("Pinckneyville"). Plaintiff claims that Defendants Hicks, Flatt, Payne and Shirley used excessive force against him. More specifically, he states that, on July 3, 2012, all four of the defendants assaulted Plaintiff as he was being returned to his cell. Plaintiff had previously requested a transfer from his cell due to the threatening behavior of his cell mate. Plaintiff alleges that upon entering his cell, his cellmate made intimidating gestures toward him. Plaintiff then moved to evade his cell mate, upon which Defendants grabbed Plaintiff, threw him to the floor, and continued to beat him for approximately three minutes.

Plaintiff also claims that Defendants Clark, Hagston and Hull were deliberately indifferent to a serious medical need when they subsequently denied Plaintiff any medical treatment after this incident. Plaintiff claims that, as a result of the incident, he was left with

blood abrasions on his face, neck and body. Plaintiff asked Defendant Hull and Defendant Hagston to speak with a crisis team member to no avail. Instead, he was placed in another cell and denied medical treatment. He then told Defendant Clark about the incident and was again denied medical treatment. Plaintiff's mother called in and made a further request for medical attention for Plaintiff and this was also denied.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has stated a colorable federal cause of action against Defendants Hicks, Flatt, Payne and Shirley for using excessive force against Plaintiff in violation of his Eighth Amendment protections (Count 1). Further, Plaintiff has stated a colorable claim against Defendants Hicks, Flatt, Payne, Shirley, Clark, Hagston and Hull for deliberate indifference to his medical needs (Count 2).

**Pending Motions**

Plaintiff's motion for appointment of counsel (Doc. 3) shall be referred to United States Magistrate Judge Donald G. Wilkerson for further consideration. Plaintiff's motion for status (Doc. 7) is **DENIED** as moot by issue of this Order.

**Disposition**

The Clerk of Court shall prepare for Defendants **HICKS, FLATT, PAYNE**, **SHIRLEY, CLARK, HAGSTON, and HULL**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that

Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs,

notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: January 31, 2013

s/_____
G. PATRICK MURPHY
United States District Judge
